UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT JENDRZEJCZAK,

                Plaintiff,

v.

DENNIS WILLIAMS, Bldg. Manager for New York
State Office of Gen. Servs. (O.G.S.); BRIAN ROE,
Contract Manager/Supervisor, Altamont Program, Inc.,
and subcontractor for New York State O.G.S.; KELLIE
ROE, Employee/Supervisor, Altamont Program, Inc.,
and subcontractor for New York State O.G.S.; and
PETER YOUNG, individually and in his official
capacity as CEO/supervisor for Altamont Program, Inc.,

                Defendants.
_____

6:13-CV-1239
(GTS/TWD)

APPEARANCES:

VINCENT JENDRZEJCZAK, 13-A-0154
  Plaintiff, *Pro Se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

OF COUNSEL:

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before the Court, in the above-captioned *pro se* civil rights action filed by

Vincent Jendrzejczak ("Plaintiff") against the four above-captioned individuals ("Defendants"),

is United States Magistrate Thérèse Wiley Dancks' Report-Recommendation recommending that

Plaintiff's Amended Complaint be *sua sponte* dismissed, with leave to amend certain of the

claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief

can be granted. (Dkt. No. 10.) Plaintiff has not filed an objection to the Report-

Recommendation, and the deadline by which to do so has expired. (*See generally* Docket

Sheet.) After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 10.)

The Court would add only two brief points. First, Magistrate Judge Dancks has recommended that–out of special solicitude to Plaintiff due to his *pro se* status–he be afforded an opportunity to amend certain of his deficient federal claims. However, affording such an opportunity to amend is not required where–as here–the *pro se* plaintiff has already been afforded the opportunity to amend his claims. *See Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009).[1] As a result, ordinarily, the Court would

---

[1] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Dyson v. N.Y. Health Care, Inc .*, 353 F. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice. . . . [T]he district court afforded Dyson three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of *pro se* plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 F. App'x 90 (2d Cir. 2003).

simply dismiss the claims in question.  However, Magistrate Judge Dancks' Report-Recommendation has been pending more than four months; and, during that time period, Plaintiff (who does not appear to be an experienced litigant) may have chosen not to file an Objection and instead relied on the prospect of filing a Second Amended Complaint.  As a result, the Court will accept and adopt this aspect of Magistrate Judge Dancks' Report-Recommendation.

Second, Magistrate Judge Dancks recommends that, while the Court dismiss certain of Plaintiff's federal claims with prejudice, it dismiss the remainder of Plaintiff's federal claims "with leave to amend."  For various reasons, the Court prefers not to dismiss a pleading and then permit a possible amendment of that (dismissed) pleading.  As a result, the Court will condition the dismissal of certain of Plaintiff's federal claims on his failure to successfully amend those claims (i.e., so as to render them legally cognizable).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following federal claims in Plaintiff's Amended Complaint (Dkt. No. 8) are **DISMISSED** with prejudice:

> (1) Plaintiff's claims under the False Claims Act, 31 U.S.C. § 3729, *et seq*.;
>
> (2) Plaintiff's official capacity claim for money damages against Defendant Williams, under 42 U.S.C. § 1983;
>
> (3) Plaintiff's First Cause of Action against Defendant Williams, to the extent that it arises under the Fifth and/or Ninth Amendments;
>
> (4) Plaintiff's Third Cause of Action against Defendants Brian and Kellie Roe, and Defendant Williams, to the extent that it arises under the Ninth Amendment;

(5) Plaintiff's Fourth Cause of Action against Defendant Brian and Kellie Roe, to the extent that it arises under the Ninth Amendment;

(6) Plaintiff's Fifth Cause of Action against Defendants Brian and Kellie Roe, to the extent that it arises under the Ninth Amendment;

(7) Plaintiff's Seventh Cause of Action against Defendant Kellie Roe, to the extent that it arises under the Ninth Amendment; and

(8) Plaintiff's Eighth Cause of Action against Defendants, to the extent that it arises under the Fifth and/or Ninth Amendments;

(9) Plaintiff's Ninth Cause of Action against Defendants, to the extent that it arises under the Fifth and/or Ninth Amendments; and

(10) Plaintiff's Tenth Cause of Action against Defendants, to the extent that it arises under the Fifth and/or Ninth Amendments; and it is further

**ORDERED** that the remaining federal claims in Plaintiff's Amended Complaint (Dkt. No. 8) shall be **DISMISSED with prejudice UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a Second Amended Complaint that corrects the pleading defects identified by Magistrate Judge Dancks in her Report-Recommendation in the following federal claims:

(1) Plaintiff's First Cause of Action against Defendant Williams, to the extent that it arises under the Fourteenth Amendment;

(2) Plaintiff's Second Cause of Action against Defendants Brian and Kellie Roe, to the extent that it arises under the Thirteenth Amendment;

(3) Plaintiff's Third Cause of Action against Defendants Brian and Kellie Roe, and Defendant Williams, to the extent that it arises under a federal statute or constitutional amendment other than the Ninth Amendment;

(4) Plaintiff's Fourth Cause of Action against Defendants Brian and Kellie Roe, to the extent that it arises under a federal statute or constitutional amendment other than the Ninth Amendment;

(5) Plaintiff's Fifth Cause of Action against Defendants Brian and Kellie Roe, to the extent that it arises under the Eighth Amendment;

(6) Plaintiff's Sixth Cause of Action against Defendant Brian Roe, to the extent that it arises under the Fifth and/or Fourteenth Amendment;

(7) Plaintiff's Seventh Cause of Action against Defendant Kellie Roe, to the extent that it arises under the First and/or Fourteenth Amendments;

(8) Plaintiff's Eighth Cause of Action against Defendants, to the extent that it arises under the First and/or Fourteenth Amendments;

(9) Plaintiff's Ninth Cause of Action against Defendants, to the extent that it arises under the Fourteenth Amendment; and

(10) Plaintiff's Tenth Cause of Action against Defendants, to the extent that it arises under the First and/or Fourteenth Amendments; and it is further

**ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, without prejudice to re-filing in state court and subject to reconsideration in the event Plaintiff files a Second Amended Complaint; and it is further

**ORDERED** that, in the event that Plaintiff files a Second Amended Complaint within thirty (30) days from the date of this Decision and Order, the Clerk of the Court is directed to return the file to the Magistrate Judge for further review.

Dated: June 6, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge